McKinney, J.,
delivered the opinion of the Court.
The judgment in this case must be reversed and arrested. The fifth count of the indictment, on which alone the prisoner was convicted, is wholly insufficient to support the conviction. It is essentially defective, both in substance and in form.
*140 In an' indictment for forgery, it is essentially necessary that the instrument alleged to be forged should be set forth with literal accuracy, if in existence and within the control of the prosecutor; and if not in existence, or not within the control of the prosecutor, the excuse for the omission to set forth the instrument must be stated; and such excuse, being traversable, must be stated according to the facts of the case. See Hooper v. State, 8 Hum., 101.
The count in question does not profess to give an exact copy of the instrument charged to have been a forged paper. The word “purport,” used in the count, is not equivalent to the word tenor. The latter signifies, in law, an exact, literal copy; the former word signifies merely the meaning or import of the instrument.
The descriptive words “ pass or transfer” used in the 41st section of the penal code, upon which the indictment is framed, are omitted. And in the frame of the count, in other respects, there is a departure from the established and approved forms of pleading, in such cases, not to be favored.
For these defects in the indictment, the judgment will be arrested. But, inasmuch as the proof shows a prima facie case against the prisoner, he will be remanded to the jail of Hawkins county, to be proceeded against de novo.